IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH LYNCH | * | |
|    Plaintiff, | * | |
| v. | * | Civil No.: BPG-19-2477 |
| WALMART, INC., | * | |
| | * | |
|    Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 10). Currently pending are defendant's Motion for Summary Judgment ("Motion") (ECF No. 27), plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition") (ECF No. 32), and defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Reply") (ECF No. 33). No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed herein, defendant's Motion for Summary Judgment (ECF No. 27) is DENIED.

### I.   BACKGROUND

In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party, which is the plaintiff in this case. Scott v. Harris, 550 U.S. 372, 378 (2007). Plaintiff Deborah Lynch ("plaintiff") allegedly sustained personal injuries on July 8, 2016 while at a store owned and operated by

defendant Walmart, Inc. ("defendant" or "Walmart") in Rosedale, Maryland.  (Compl., ECF No. 2 at ¶ 3, ¶4).  Among other items, plaintiff purchased four half-gallon bottles of iced tea.  (ECF No. 27-2 at 31:4-7).  During plaintiff's check-out process, the Walmart cashier placed the four bottles of iced tea into a reusable Walmart bag ("the bag") provided by plaintiff.[1]  (Id. at 31:6-8).  The cashier picked up the bag by one handle, the one closest to the cashier.  (Id. at 35:18-21).  As the cashier picked up the bag, the bag fell over in the direction of plaintiff and one half-gallon iced tea bottle fell out of the bag and hit plaintiff's foot.  (Id. at 36:6-8).  Plaintiff alleges injuries resulting from this incident.  (ECF No. 2 at 2-3).

On August 2, 2019, plaintiff filed suit against defendant in the Circuit Court of Maryland for Baltimore County.  (Compl., ECF No. 2).  Plaintiff states a negligence claim, asserting that defendant breached its duty of care to her by "failing to act in a reasonably prudent manner as to not drop any items on [p]laintiff."  (Id. ¶ 6).  Plaintiff seeks damages in an amount greater than $75,000.00.  (Id. at 3).  On August 27, 2019, defendant filed a Petition for Removal to this court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  (ECF No. 1).  Discovery closed on April 19, 2020, and thereafter, the pending Motion and related pleadings were filed.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine

---

[1] Plaintiff, at her deposition, could not recall how many of the iced tea bottles the cashier placed in the bag.  She testified: "I want to say all four [bottles of iced tea were in the bag] because [the cashier] was in the process of giving me the bag and she wouldn't give me the bag if [there] was only one bottle" because "the bag holds a lot more [than one bottle]."  (ECF No. 27-2 at 38:10-15).  As defendants acknowledge, however, the facts when viewed in the light most favorable to plaintiff as required in this procedural posture establish that the cashier bagged four bottles of iced tea into the bag.  (ECF No. 27-1 at 6).

dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is properly considered "material" only if it might affect the outcome of the case under the governing law. Id. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252. In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324. A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment. Anderson, 477 U.S. at 252. Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact. Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300

(4th Cir. 2001). Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party. Anderson, 477 U.S. at 252.

## III.  DISCUSSION

Defendant moves for summary judgment, stating that plaintiff cannot establish a prima facie case of negligence because plaintiff failed to offer evidence that defendant breached its duty of care to plaintiff. (ECF No. 27-1 at 5-8). To assert a claim of negligence in Maryland, plaintiff must prove that: (1) the defendant was under a duty to protect plaintiff from injury, (2) the defendant breached that duty, (3) plaintiff suffered actual injury or loss, and (4) the injury or loss proximately resulted from defendant's breach of duty.[2] 100 Inv. Ltd. P'ship v. Columbia Town Ctr. Title Co., 430 Md. 197, 212-13, 60 A.3d 1, 10 (2013). As a customer in a store maintained by defendant, plaintiff was a business invitee to whom defendant owed a duty to "use reasonable and ordinary care to keep the premises safe . . . and to protect [her] from injury caused by an unreasonable risk that [she], exercising ordinary care for [her] own safety, [would] not discover." Henley v. Prince George's Cnty., 305 Md. 320, 339, 503 A.2d 1333, 1343 (1986). "[N]o presumption of negligence on the part of the proprietor," however, "arises merely from a showing that an injury was sustained in his store." Garner v. Supervalu, Inc., 396 Fed. App'x 27, 29 (4th Cir. 2010). Although Maryland courts have emphasized that a store operator is "not an insurer of the safety of his customers," Moulden v. Greenbelt Consumer Servs., Inc., 239 Md. 229, 232, 210 A.2d 724, 725 (1965), store operators owe their patrons a "duty of reasonable care for the

---

[2] Because the court's jurisdiction over this matter is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

protection of the business invitee." Tucker v. KFC Nat. Mgmt. Co., 689 F. Supp. 560, 562 (D. Md. 1988), aff'd 872 F.2d 419 (4th Cir. 1989).

Plaintiff argues that defendant's cashier acted negligently by bagging four half-gallon bottles of iced tea in a single reusable bag and picking up the bag by one handle. (ECF No. 32-1 at 10-14).[3] Defendant maintains that no evidence exists to indicate that the bag was unable to withstand the weight of the four half-gallon bottles of iced tea or that the bag would fall over if lifted by one handle, and therefore, no genuine issue of material fact exists as to whether defendant breached its duty of care to plaintiff. (ECF No. 27-1 at 6). Contrary to defendant's position, there is clearly evidence in the record from which a juror could conclude that the cashier acted unreasonably when she put four half-gallon bottles of iced tea in one bag and then picked up the bag by one handle and handed it to plaintiff. As a result, there remains a factual dispute to be resolved by a jury as to whether defendant breached its duty of reasonable care to protect plaintiff from injury. See Tucker, 689 F. Supp. at 562.

The parties offer additional arguments which the undersigned concludes, in light of the rulings herein, to be either unpersuasive or of no consequence. First, the parties discuss whether the defendant's cashier used the "material loop" to secure the bag to the turnstile while bagging the half-gallon bottles of iced tea. (ECF No. 32-1 at 13-15; ECF No. 33 at 10-13). Given that the parties do not dispute that the bottle fell out of the bag as the cashier was handing the bag to plaintiff, and after the bag was removed from the turnstile, this issue does not appear to have any bearing on the alleged breach which caused the accident. Further, plaintiff argues that the doctrine of res ipsa loquitor applies in this case. (ECF No. 32-1 at 16-20). As noted by plaintiff, a plaintiff's

---

[3] Plaintiff also alleged in her complaint that defendant breached its duty of care by failing to properly train its employees. (ECF No. 2 at 2). There is no evidence to support this claim on the present record.

reliance on this doctrine "is generally necessitated . . . by the fact that direct evidence of negligence is either lacking or solely in the hands of the defendant." <u>Dover Elevator Co. v. Swann</u>, 334 Md. 231, 237, 638 A.2d 762, 765 (1994). Given that the facts pertaining to the alleged negligent acts here are known to both parties, it does not appear that a <u>res ipsa loquitor</u> theory is applicable. Finally, defendant's arguments that plaintiff assumed the risk of the injury here because she supplied her own bag, notably a Walmart bag, or that she was contributorily negligent for failing to take the bag from the cashier as she handed it to her, (ECF No. 27-1 at 9-11) are wholly without merit, let alone sufficient to warrant summary judgment for the defendant. Indeed, on this record there appears to be no facts to support such a theory.

**IV.   CONCLUSION**

For the foregoing reasons, defendant's Motion for Summary Judgment (ECF No. 27) is DENIED. A separate order will be issued.

November 19, 2020                             /s/
                                                             Beth P. Gesner
                                                             Chief United States Magistrate Judge